# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL LANCE TAYLOR,**

      **Plaintiff,**

v.                                          Case No: 6:20-cv-00578-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for disability insurance benefits. In a decision dated April 2, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from May 15, 2016, the alleged disability onset date, through December 31, 2018, Claimant's date last insured. R. 10-19. Having considered the parties' briefing, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.    Issues on Appeal**

Claimant makes the following two arguments on appeal:

1) The ALJ did not apply the correct legal standard to the opinions of Drs. Kohen and Scott. *See* Doc. 23 at 16.

2) The ALJ did not apply the correct legal standard to Claimant's testimony regarding Claimant's pain and limitations. *See* Doc. 23 at 32.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

### A. Drs. Kohen and Scott

Claimant first argues that the ALJ failed to apply the correct legal standard to the opinions of Claimant's treating physicians, Drs. Kohen and Scott. Doc. 23 at 16-22. The Court rejects this argument.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); see also *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, the ALJ found as follows with respect to Claimant's RFC:

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant can lift and/or carry 20 pounds occasionally, 10 pounds frequently. He can stand and/or walk with normal breaks, for a total of 6 hours per 8-hour workday. In terms of postural limitations, he can never climb ladders, ropes, or scaffolds, but he can occasionally climb ramps and stairs, balance, kneel, stoop, crouch and crawl. He can frequently handle/feel with the bilateral extremities. He can frequently reach in all directions w/ the bilateral upper extremities. In terms of environmental limitations, he must avoid concentrated exposure to unprotected heights and moving mechanical parts and extreme cold. In terms of mental health limitations, he can perform simple and multiple step routine tasks and can have occasional contact with the public, co-workers, and supervisors in a routine work setting.

R. 15. In addressing the opinions of Drs. Kohen and Scott, the ALJ stated:

Dr. Scott and Dr. Kohen rendered medical opinions in 2017 placing the claimant at less than sedentary level. (Exhibits 21F, 23F). I note that both were treating physicians. However, these opinions are overly restrictive based on the overall evidence of record. For instance, during physical exams, the claimant had a normal gait/station and normal muscle strength. He also reported some pain relief with

epidural steroid injections. Moreover, EMG studies indicated that he had mild cervical radiculopathies. He reported that his hypermobility syndrome was fairly controlled with medications. The CTs of the claimant's spine taken in 2018 showed mild to moderate degenerative changes with only mild neural foraminal narrowing. Finally, the claimant's reported activities of daily living exceed the restrictions in these opinions. According, I give these opinions little weight.

R. 16.

Thus, in discounting the opinions of Drs. Kohen and Scott, the ALJ found that those opinions are not consistent with the record evidence. In doing so, the ALJ mentioned several pieces of record evidence with which those opinions were not consistent. *See id.* And in the paragraphs immediately preceding the ALJ's discussion of the opinions of Drs. Kohen and Scott, the ALJ discussed the evidence mentioned with citations to the record. *See* R. 15-16. So, the Court finds that the ALJ articulated a good cause reason, supported by substantial evidence, for discounting the opinions of Drs. Kohen and Scott. Claimant's arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function.[1] *Winschel*, 631 F.3d at 1178. The Court finds no error in the ALJ's consideration of the opinions of Drs. Kohen and Scott.

### B. Claimant's Testimony regarding Pain and Limitations

Next, Claimant argues that the ALJ failed to properly apply the correct legal standard to Claimant's testimony regarding Claimant's pain and limitations. Doc. 23 at 32-34. Specifically,

---

[1] Claimant also appears to argue that the ALJ "ignored" or "overlooked" specific EMG studies and MRIs. *See* Doc. 23 at 21. However, the ALJ did consider the EMG studies. *See* R. 13. Furthermore, the ALJ discussed the MRI results and assessed severe impairments and related RFC limitations based on this imaging. *See* Doc. 23 at 30 (citing R. 12, 16). Nevertheless, Claimant waived these arguments by raising them in a perfunctory manner. *See Jacobus*, 664 Fed. Appx. at 774. Further, Claimant provides no persuasive argument to suggest that the ALJ's alleged errors were harmful; Claimant does not explain how the EMG studies or MRIs conflict with the RFC. *See e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Claimant argues that the ALJ erred in rejecting Claimant's statements about the intensity and persistence of pain or other symptoms solely because the objective medical evidence does not substantiate a claimant's statements. Doc. 23 at 33. The Court rejects this argument.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

The ALJ summarized Claimant's testimony as follows:

> At the hearing, the claimant testified that he had not worked since May of 2016. As for his impairments, the claimant testified that his most severe impairment is RA [Rheumatoid Arthritis] followed by lupus, neck pain, carpel tunnel syndrome, and depression/anxiety. The claimant testified that medications help sometimes but that they do not completely alleviate his pain and other symptoms. Specifically, the

>claimant testified that he has problems reaching and gripping items as well as back and leg pain. He further testified that his joints dislocate easily. He estimated that he could walk about 30 feet and sit for about 30 minutes. As for his activities of daily living, the claimant testified that he seldom drove and that he could prepare only very simple meals.

R. 16.

The ALJ found that "[C]laimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* The ALJ provided further explanation in support of his credibility determination as follows:

>For instance, while MRIs show degenerative changes in the claimant's spine, he reported some relief with epidural steroid injections, and he demonstrated a normal gait/station and normal muscle strength in his upper and lower extremities. (Exhibit 8F at pp. 9, 16; Exhibit 26F). In addition, EMG studies showed only mild denervation consistent with mild bilateral C5 radiculopathies. (Exhibit 17F at pp. 1-2). At the hearing, the claimant testified that he had balance problems but in September of 2018, he reported that he had only fallen 1 time in the prior year. (Exhibit 30F at p. 23). Finally, I note that in September of 2018, the claimant fell from a roof while intoxicated. Subsequent CTs of his spine showed mild to moderate changes with only mild bilateral neural foraminal narrowing. (Exhibit 29F at pp. 13-21). Thus, the overall evidence such as normal muscle strength and normal gait/station support the claimant's lifting/carrying limitations as well as the standing/walking limitations. In addition, the manipulative limitations and postural limitations accommodate the claimant's cervical spine disorder and shoulder disorder. The claimant's mental limitations are consistent with Dr. Trinidad's exam and the claimant's report that Ritalin worked well to manage his ADHD.

*Id.* (emphasis added).

Claimant, in making his arguments, failed to specifically reference or identify any of his own testimony. In other words, Claimant provided the Court with no indication of which testimony the ALJ allegedly discredited improperly. It is axiomatic that the claimant bears the burden of demonstrating that he or she is disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th

Cir. 2003). Here, Claimant does not assert any specific arguments demonstrating that the reasons articulated by the ALJ are not supported by substantial evidence or do not adequately support the ALJ's credibility finding. *See* Doc. 23 at 32-34. Therefore, the Court finds Claimant's perfunctory, general argument that the ALJ failed to articulate specific and adequate reasons to discredit Claimant's testimony unavailing. In addition, the Court finds Claimant's argument that the ALJ erred with respect to Claimant's credibility because the ALJ erred in rejecting the opinions of Drs. Kohen and Scott unavailing. The Court has already found that the ALJ did not err with respect to the opinions of Drs. Kohen and Scott. In light of the foregoing, the Court finds that Claimant's argument attacking the ALJ's credibility determination does not provide a proper basis for the Court to reverse the ALJ's credibility determination.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Orlando, Florida on June 14, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties